UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN - 2 2005
J T NOBLIN, CLERK
BY_____ DEPUTY

STEVEN RAY SHELTON                                                    PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 2:04CV79-RHW

RICHARD STRINGER                                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause came before the Court for a screening hearing on April 12, 2005, to explore the allegations in Plaintiff's complaint pursuant to the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(ii), the Court "shall dismiss the case at any time" if the action "fails to state a claim on which relief may be granted." Furthermore, pursuant to § 1915A(b)(1), the Court after conducting a screening hearing, shall dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted."

Plaintiff alleges that he has been denied access to the law library and that he is concerned that he will not be able to file his habeas petition before the statute of limitations expires. In essence he has stated a claim for denial of access to the courts by virtue of an inadequate law library. At the hearing, Plaintiff stated that while incarcerated at the Marion Walthall Correctional Facility, he had access to legal research through the Inmate Legal Assistance Program (ILAP). He complained, however, that the ILAP would provide only specific not general legal information. Also, Plaintiff stated that six months remain on the statute of limitations for his habeas petition, that he has been moved to a new jail facility, and that he now has access to a law library at this new facility.

Prisoners have a constitutional right of meaningful access to the courts through adequate

law libraries or assistance form legally trained personnel. *Degrate v. Godwin*, 84 F.3d 768, 768-69 (5th Cir. 1996). This constitutional right does not afford prisoners unlimited access to prison law libraries. Additionally, before a prisoner may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate that his position as a litigant was prejudiced by his denial of access to the courts. *McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998). In order to state a cause of action under § 1983 for denial of access to a law library, Plaintiff must demonstrate prejudice. *Id.* at 230-31.

By Plaintiff's own admission the statute of limitations has not yet run and he now has had access to a law library with approximately six months in which to complete his habeas petition. Accordingly, Plaintiff has failed to demonstrate prejudice. Accordingly, his § 1983 petition should be dismissed pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state a claim. The dismissal of Plaintiff's complaint shall count as a strike. *See* 28 U.S.C. § 1915(g). Plaintiff is cautioned that if he acquires three or more strikes, he shall be barred from proceeding IFP unless he is under imminent danger of serious physical injury.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED WITH PREJUDICE, and all pending motions are dismissed as moot.

SO ORDERED, this the 31st day of May, 2005.

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE